# Richmond

DONALD RAY GILBERT v. COMMONWEALTH OF VIRGINIA.

August 30, 1973.

Record No. 8204.

Present, All the Justices.

*Robert J. Surovell* (*Surovell, Smith, Parks & Malone*, on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Upon a petition alleging that Donald Ray Gilbert, a child 15 years of age, was "defiant, incorrigible and beyond the control of school authorities," the Juvenile and Domestic Relations Court of the County of Stafford heard evidence, determined that the "welfare and best interests" of the child required the State to assume his guardianship, and committed him to the State Department of Welfare and Institutions (Code § 16.1-158(1)(g)). Donald appealed to the circuit court, which by order entered June 12, 1972, affirmed the order of the juvenile court. We granted him a writ of error limited to assignment of error No. 1, which states that the trial court "erred in entertaining highly prejudicial hearsay testimony over the repeated objection of Counsel."

In the trial court, Alvin Chaplin, Donald's probation officer, over objection, reviewed the juvenile's social history. He stated that

Donald had previously been sent to a foster home by the State Department of Welfare and Institutions but had run away. Chaplin also testified that Donald had twice been involved in driving an automobile without an operator's permit and had run away from home on several occasions. The source of the latter information was Donald's mother who was present in court but did not testify. He further testified that Donald had admitted to him stealing alcoholic beverages and becoming inebriated.

Donald offered no evidence, and the trial court ruled that it was committing Donald to the State Department of Welfare and Institutions because he was already on probation, because he had committed various offenses including intoxication and driving without a permit, and because the school authorities could not "handle" him.

The question for decision is whether the hearsay portions of Chaplin's testimony were inadmissible and prejudicial in a juvenile proceeding.

In *Lewis* v. *Commonwealth*, 214 Va. 150, 198 S.E.2d 629 (1973), decided this day, we considered the nature of a juvenile proceeding and held that a due process standard of fundamental fairness governed juvenile court procedure. The record in the case at bar shows that the trial court, in finding that Donald was incorrigible, was influenced by Chaplin's hearsay testimony, to which there was proper objection. We hold that the admission of such evidence violated the due process standard of fundamental fairness required in a juvenile proceeding, and its admission was prejudicial error.

The judgment of the trial court will be reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*